**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHAMITA GRIFFIN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 1:26-CV-00160-ADA-DH** |
| | § | |
| **PEPSICO, INC., ICIMS, INC.,** | § | |
| *Defendants* | § | |

## ORDER

Before the Court is Plaintiff Chamita Griffin's motion for appointment of counsel, Dkt. 3. Griffin alleges generally that Defendant PepsiCo, Inc. failed to hire her and that Defendant iCIMS, Inc. designed the online hiring platform that facilitated PepsiCo's discrimination against her. *See* Dkt. 1. Griffin is currently proceeding pro se and *in forma pauperis*. In support of her motion, Griffin states that she moves for appointment of counsel because her case raises complex issues, there is need for "technical discovery," Griffin has limited resources, and appointment of counsel "would materially assist efficient case management." Dkt. 3, at 1.

The Court has the authority to appoint "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a party is not entitled to appointment of counsel as a right in a civil action. *See Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (appointment of counsel in civil case is privilege and not constitutional right). Rather, in a civil case a federal court has considerable discretion in determining whether to appoint counsel. *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990); *see also* 28 U.S.C. § 1915(e)(1) (noting that court

1

may request attorney to represent person unable to afford counsel). When the individual's action is not brought pursuant to a statute which explicitly authorizes the appointment of counsel, the court may appoint counsel in "extraordinary circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (appointment of counsel appropriate only in exceptional cases). The burden of persuasion rests on the party requesting counsel. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977). In deciding whether to grant the request for appointment of counsel a court should consider: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting and investigating her case; (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and (4) the likelihood that appointment of counsel will benefit the court and the litigants. *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

While Griffin's complaint raises several causes of action, the operative facts concerning failure to hire are relatively simple: that Griffin was qualified and applied for a position posted by PepsiCo, PepsiCo declined to hire her, and iCIMS designed the hiring program PepsiCo used. *See* Dkt. 1. Griffin has not shown that she is incapable of adequately presenting and investigating her case. *See* Dkt. 3. Griffin alleges she possesses some technical skills, and her complaint clearly sets out the basis for her claims. *See* Dkt. 1. Additionally, while there is a possibility of conflicting

evidence, there is no indication at this time that any particular skill in the presentation of evidence or cross-examination will be required in Griffin's case. Finally, while the appointment of counsel could benefit Griffin or the court, it is not clear that appointment of counsel is necessary for Griffin to have her fair day in court.

Accordingly, the court **DENIES** Griffin's request to appoint counsel without prejudice.

SIGNED February 10, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE